AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western District of Missouri | |
|---|---|---|
| Name of Movant Scott Wayne Kahlenbeck | Prisoner No. 20245-045 | Case No. 07-03113-01-CR-S-ODS |
| Place of Confinement USP - Marion | 09-3365-CV-S-ODS-P | |

| UNITED STATES OF AMERICA | V. | Scott Wayne Kahlenbeck (name under which convicted) |
|---|---|---|

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  
   U.S. District Court, Western District of Missouri

2. Date of judgment of conviction June 30, 2008

3. Length of sentence 120 months

4. Nature of offense involved (all counts) possession of material constituting child pornography

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

9. If you did appeal, answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court <u>Western District of Missouri</u>

    (2) Nature of proceeding <u>Motion to Compel</u>

    (3) Grounds raised <u>petition to require former counsel to produce files as the attorney did not file an appeal as requested and the files were needed to initiate a claim pro-se.</u>

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☒

    (5) Result <u>Granted in part</u>

    (6) Date of result <u>December 18, 2008</u>

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court <u>N/A</u>

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
  (1) First petition, etc.    Yes ☐ No ☒
  (2) Second petition, etc.   Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Counsel stated on date of sentencing he would file an appeal if requested. Kahlenbeck expressed his desire to appeal and counsel said he would "take care of it".

After numerous attempts to reach counsel it was learned that counsel made no such effort. No appeal was filed on Kahlenbeck's behalf.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Jurisdiction of Federal Court is lacking.

Supporting FACTS (state *briefly* without citing cases or law) The U.S. government offered no evidence that any image alleged in the offense charged had travelled in interstate commerce.

B. Ground two: Jurisdiction of Federal Court to pass sentence is lacking.

Supporting FACTS (state *briefly* without citing cases or law): District Court lacked jurisdiction, based on the subject matter, to pass sentence of Supervised Release, conditions of Supervised Release, length of Supervised Release, or enhancements of guideline sentence, and the District Court failed to meet the sentencing factors in 3553(a).

C. Ground three: Ineffective Assistance of Counsel.

Supporting FACTS (state *briefly* without citing cases or law): Counsel was ineffective in failing to challenge the facts in grounds one and two above. Kahlenbeck was thereby prejudiced as a different result in the proceedings would have been procured.

D. Ground four: Ineffective Assistance of Counsel.

Supporting FACTS (state *briefly* without citing cases or law): Counsel failed to file an appeal to the Eighth Circuit Court of Appeals to challenge discrepencies of constitutional measure. Counsel had debriefed Kahlenbeck after the sentencing proceedings and it had been decided by Kahlenbeck that counsel was to file the appeal. Cousel stated he would "take care of it". He never filed the appeal.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

As counsel never filed the appeal, transcripts of the sentencing hearing, nor the change of plea hearing was obtained. Therefore they were not in the files located within counsel's packet he sent. It is not apparent from the record obtained which factors of any proceedings counsel had challenged. (See attachment for additional grounds)

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing David Mercer, Federal Public Defender's Office, 901 St. Louis Street, Suite 801, Springfield, Missouri, 65806

(b) At arraignment and plea Same

(c) At trial Same

(d) At sentencing Same

AO 243 (Rev. 5/85)

(e) On appeal  Same

(f) In any post-conviction proceeding  N/A pro-se

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: N/A

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____N/A_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

September 16, 2009
     (date)

_Scott W. Kahlenbeck_
Signature of Movant

Ground Five: Conviction obtained by plea of guilty not made voluntarily or with understanding of nature of charge and consequences of plea.

Supporting Facts: Counsel did not inform Kahlenbeck the elements of the statute the government would need to prove at a trial. It also was not explained that the jurisdictional element proving a crossing of state lines was critical to the government and that they had offered no evidence to show the nexus requirement. Counsel merely told Kahlenbeck a guilty plea would mean the difference of a five year sentence or ten to fifteen year sentence. Kahlenbeck pled under the assumption the government would matter of fact win at a trial warranting the ten to fifteen year sentence. The plea would save years of incarceration is the "only" reason Kahlenbeck agreed to the plea change.

Ground Six: Conviction obtained under false promises of government.

Supporting Facts: The government "hoodwinked" Kahlenbeck in a two count indictment. The two counts would run concurrent if a finding of guilt had been established. The government merely charged the two counts to give Kahlenbeck the impression he was being offered a self preserving deal by accepting the offer to plead to one count while the government dismissed the other. In fact the two counts were multiplicious, a violation of double jeopardy laws, and if not found as such by the court, the convictions would have run concurrent.

Ground Seven: Ineffective Assistance of Counsel.

Supporting Facts: Counsel failed to represent Kahlenbeck under

prevailing professional norms at the change of plea hearing and again at the sentencing hearing. Counsel offered absulutely nothing by way of protecting his client's constitutional rights at either proceeding. As the record conclusively shows, counsel accepted all of the government's contentions at face value. The proceedings were but a mere formality for defense counsel. Had counsel played the meaningful adverarial role during those critical stages, reason shows a probability of a different outcome.

Scott Wahlenbeck
20245-045
US Penitentiary
P.O. Box 1000
Marion, IL 62959



Response

20245-045
Clerk of Court
222 John Q. Hammons pkwy
Springfield, MO - 65806
United States

RECEIVED
SEP 28 2009
ANN THOMPSON, CLK
U.S. DIST. COURT
WESTERN DISTRICT
OF MISSOURI

Springfield

RECEIVED
2009 SEP 30 PM 1:41
CLERK, U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

KCMO

Legal mail