IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT WAYNE KAHLENBECK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 09-3365-CV-S-ODS |
| ) | Crim. No. 07-03113-01-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF AND
(2) GRANTING A CERTIFICATE OF APPEALABILITY</u>

Pending is Movant's application for postconviction relief. The Government contends the motion is untimely and the Court agrees.

Movant pleaded guilty to one count of receiving child pornography; a second charge was dismissed pursuant to a Plea Agreement. Movant was sentenced to 120 months imprisonment on June 18, 2008. The Judgment and Commitment Order was filed on June 30, 2008. A Notice of Appeal was not filed, so the judgment became final on July 10, 2008. Movant's application for postconviction relief was received by the Clerk of Court and filed on September 28, 2009.

A motion for postconviction relief must be filed within one year of the later of four events, only two of which are implicated in this case. The first is the date the judgment becomes final which commences the limitation period for the vast majority of cases. 28 U.S.C. § 2255(f)(1). The motion is untimely if this provision applies. Movant invokes section 2255(f)(4), which provides the limitation period starts on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." He contends his attorney's failure to file a Notice of Appeal was the "missing fact" he did not discover until September 2008, which makes his present application timely.

Movant's argument is similar to the one found wanting in <u>Anjulo-Lopez v. United States</u>. In that case the movant argued he was unable to communicate with his

attorney for a period of time after being assured by counsel that an appeal would be filed. The Court of Appeals held the movant had not acted with due diligence because (1) despite communicating with his lawyer he never actually asked whether an appeal had been filed, and (2) he had not taken prompt steps to ascertain whether an appeal was filed. 541 F.3d 814, 817-19 (8th Cir. 2008). Here, Movant extols his efforts to ascertain whether an appeal had been commenced, but those efforts were not reasonably calculated to divulge that information. Movant did not directly ask his attorney whether a Notice of Appeal had been filed; instead he asked for his file. When this did not produce the information he desired, he filed a motion seeking an order from the Court requiring counsel to produce the file.[1] He also pursued a Writ of Mandamus in an attempt to obtain his file. However, reasonable diligence on Movant's part would have called for him to simply ask (either his attorney or the Court) whether a Notice of Appeal had been filed. Consequently, Movant is not entitled to the benefit of section 2255(f)(4), and his motion for postconvicton relief is untimely.

28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). The Court believes reasonable jurists could disagree whether the time for Movant to file a postconviction motion was tolled, so a Certificate of Appealability is granted.

IT IS SO ORDERED.

DATE: February 16, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Interestingly, that motion (Doc. # 33 in the criminal case) indicates Movant knew his attorney had not filed a Notice of Appeal.

2